SUMMARY ORDER

Su Lin, a native and citizen of the People’s Republic of China, seeks review of an August 28, 2008 order of the BIA vacating the May 11, 2006 decision of Immigration Judge (“IJ”) Robert D. Weisel and reversing the grant of her application for asylum. In re Su Lin, No. A98 220 202 (B.I.A. Aug. 28, 2008), rev’g No. A98 220 202 (Immig. Ct. N.Y. City May 11, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. Salimatou Bah v. Mukasey, 529 F.3d 99, 104 (2d Cir.2008).
The BIA did not err in finding that Lin failed to establish a nexus between any harm she suffered or feared she would suffer in the future and her membership in a particular social group. See Matter of Acosta, 19 I. & N. Dec. 211, 233 (B.I.A.1985). Lin argues that she was persecuted on account of her membership in the group of “professionals who have been labeled ‘bad elements’ by the authorities.” Even if this group qualified as a particular social group under the asylum statute, Lin still needed to demonstrate that the persecution she suffered was inflicted on account of her membership in that group. See Koudriachova v. Gonzales, 490 F.3d 255, 261-62 (2d Cir.2007). This she failed to do.
As the BIA found, any harm Lin suffered was inflicted not on account of her membership in a particular social group but as a result of a personal dispute between her family and the village official who wanted Lin to marry his son. See id. The official did not harass Lin’s family, beat her father, and refuse to provide her with the approval letter that she needed to obtain employment because Lin had been labeled a “bad element.” Rather, his actions were motivated by Lin’s refusal to enter into the proposed arranged marriage. Accordingly, the BIA properly found that the IJ erred in granting Lin’s asylum application where she failed to establish the requisite nexus. See 8 U.S.C. § 1101(a)(42), 1158(b)(l)(B)(ii). Because Lin failed to establish the threshold element of a nexus to a protected ground, we need not reach the BIA’s finding that Lin did not suffer any harm that rose to the level of economic persecution.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).